Reversed.

29 C.C.P.A.(Patents)

## In re BLEY.
### Patent Appeal No. 4563.

Court of Customs and Patent Appeals.
March 23, 1942.

Rudolph S. Bley, pro se.

W. W. Cochran, of Washington, D. C. (Clarence W. Moore, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This appeal brings here for review a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner rejecting, in view of the prior art, claims 1, 2, 5, 6, 9 to 12 inclusive, 15, 16, 19 and 20 of an application for a patent for alleged new and useful "Wetting Agents", specifically for improvements in "Sulphonium Compounds Derived from Naturally Occurring Hydrocarbons and Process for Making Same". No claims were allowed.

Claims 1 and 12 are illustrative and read as follows:

"1. The process of producing a surface-active wetting agent which comprises condensing a halogenated hydrocarbonaceous material selected from the group consisting of crude petroleums, gasolines, kerosenes, lubricating oils, pasty petrolatums, liquid petrolatums and paraffin waxes with an organic sulphide selected from the group consisting of dialkyl sulphides, diaryl sulphides and alkyl-aryl sulphides under substantially anhydrous conditions."

"12. A surface-active wetting agent comprising the condensation products of a substantially anhydrous halogenated hydrocarbonaceous material selected from the group consisting of crude petroleums, gasolines, kerosenes, lubricating oils, pasty petrolatums, liquid petrolatums, and par-

affin waxes and a substantially anhydrous dialkyl sulphide."

The cited references are:

Swiss Patent, 156,747, November 1, 1932.
Swiss Patent, 158,433, January 16, 1933.
Swiss Patent, 158,434, January 16, 1933.
Swiss Patent, 158,435, January 16, 1933.
Swiss Patent, 158,436, January 16, 1933.
Swiss Patent, 158,437, January 16, 1933.
Swiss Patent, 158,438, January 16, 1933.
Swiss Patent, 158,439, January 16, 1933.
Swiss Patent, 158,440, January 16, 1933.
Piggott et al., 2,032,097, February 25, 1936.
Piggott, 2,121,823, June 28, 1938.
Polak et al., 2,125,031, July 26, 1938.

The claimed invention relates to a process for making sulphonium compounds and the product thereof by the reaction of substances set out in the illustrative claims.

The product of the claimed invention is stated in the application to be useful as a detergent, flotation agent, disinfectant, plasticizer, emulsifier, etc.

It is admitted in the brief of appellant that the patents to Polak et al., Piggott et al., and Piggott "disclose the preparation of sulphonium compounds by reacting organic sulphides, containing a long aliphatic chain substituent of over 8 carbon atoms, with alkyl halides". It is also admitted that the compounds of those patents "might be present as individual components of the mixture of compounds which are the products of the invention on appeal". Appellant claims however that the compounds of those references "are prepared by the reaction of pure chemical compounds and are themselves a single pure chemical compound".

The Swiss references admittedly disclose the employment of a specific halogenated hydrocarbon with a thionating agent such as hydrogen sulphide or sodium sulphide in processes of making a sulfurous derivative of a higher aliphatic hydrocarbon.

The Primary Examiner rejected each of the involved claims as being unpatentable over the patents of Polak et al., Piggott et al., and Piggott in view of the Swiss patents. The rejection by the examiner reads as follows: "Claims, 1, 2, 5, 6, 9, 10, 11, 12, 15, 16, 19 and 20 were each rejected as being unpatentable over the (a) Piggott patents or Polak et al. in view of (b) the Swiss patents. The patents of group (a) disclose the reaction of alkyl halides with organic sulphides to produce sulphonium compounds. It is considered that it would be an obvious expedient to substitute the halogenated petroleum hydrocarbons of the Swiss patents for the alkyl halides in the process of the patents of group (a). A person skilled in the art would realize that the process would work with such a change and there is no invention in trying the change and finding it to be successful. In re Wietzel & Michael, 400 O.G. 463."

After an appeal had been taken to the board an amendment to the application was proposed by appellant cancelling the rejected claims and substituting therefor ten other claims. In his argument on the amendment appellant also contended, because of the allowance of two applications for patents, relating to wetting agents, filed contemporaneously with the present application, that that application as amended should have been allowed by the examiner.

The examiner after the amendment and argument of appellant had been referred to him by the Board of Appeals declined to enter the amendment, stating as follows:

"The Amendment & argument submitted by the applicant have been considered.

"The Amendment has not been entered since the claims (22 to 31) are broader than the claims in issue and would require additional search and consideration. The term 'non-gaseous aliphatic hydrocarbon' employed in the new claims is broader than the corresponding term in the claims on appeal since the quoted expression would include pure hydrocarbons which are excluded in the claims on appeal."

With respect to the above mentioned contention of appellant, the examiner held it to be without merit for the stated reason that the allowed applications related to different subject matter (the reaction of a halogenated petroleum hydrocarbon mixture with a tertiary amine to produce a quaternary ammonium compound) and that the references here are different from the references used in the prosecution of the allowed applications.

The decision of the Board of Appeals, after setting out in symbolic form the course of appellant's reaction and the course of the reaction of the Piggott patents, reads as follows:

"It will be noted that the condensation or end product obtained by the patented process is quite similar to that obtained by appellant, the chief difference being in

the starting material. However, the Swiss patents show that it is old to use chlorinated petroleum compounds as starting material and reacting the same with a thionating agent for the purpose of making mercaptans. The examiner has held that appellant's condensation product is quite similar to that obtained in the Piggott patents and that there was no invention involved in substituting the halogenated petroleum hydrocarbons of the Swiss patents for the alkyl halides disclosed in the Piggott patents, and in support of this contention cites In re Wietzel and Michael, 400 O.G. 463. This ground of rejection appears to us to be sound and should be affirmed.

"At the time of hearing appellant presented a proposed amendment in which all of the appealed claims were re-written and called attention to the recent allowance of two similar applications. This proposed amendment was referred to the Primary Examiner for report. In his report he states that the subject matter involved here is quite different from that covered by the allowed cases and considers the proposed claims to be broader than those on which appeal was taken. He, therefore, refused to enter the proposed amendment. Under these conditions we cannot consider said proposed amendment."

■ Appellant has withdrawn from his reasons of appeal to this court the alleged error of the tribunals below in refusing to enter the proposed amendment. Therefore this alleged error is not before us.

■ Appellant alleges error below in the holding of the examiner that the subject matter involved here is different from that covered by the allowed applications and that the proposed claims are broader than those here on appeal. As the appeal does not now require any discussion of the alleged error withdrawn as aforesaid, we of course cannot review the question as to alleged patentable similarity of the proposed substituted claims and those in the allowed applications. As the appeal stands now there was no error in the refusal to enter the proposed amendment and therefore the claims contained therein were not before the Board of Appeals and cannot be considered here. In re Schneider, 39 F.2d 278, 17 C.C.P.A., Patents, 952; In re Schmidt and Ufer, 45 F.2d 916, 18 C.C.P.A., Patents, 827.

■ It would not be proper for us to consider the question of patentability of the involved claims in the light of claims allowed in the other said applications of appellant. Neither of those applications nor the patents into which they developed are in the record. Furthermore the rule announced in the case of In re Borglin, 86 F.2d 416, 417, 24 C.C.P.A., Patents, 739, 741, we think is applicable here. In that case we said that: "Here we are concerned only with the ground of rejection given by the board, namely, that this claimed invention is anticipated by the references."

■ The sole issue now before us, is stated in the brief of appellant as follows: "The issue involved is whether it would involve invention to make a suitable rearrangement of the choice of starting materials in a broadly old chemical reaction whereby a substantially similar compound could be produced at a much lower cost."

The only substantial difference between the prior art as shown by Polak et al., Piggott et al., and Piggott, and the rejected claims, is in the starting material. In those patents the starting material is a particular class of halogenated hydrocarbons known as alkyl halides. In the rejected claims the starting material is halogenated hydrocarbonaceous materials from a group identified in the illustrative claims. No patentably new result is produced by the reaction described by appellant as is apparently admitted in the issue quoted from his brief. The starting material of appellant was not discovered by him. It had been in chemical use as shown by the Swiss patents. Any skilled chemist knows that the starting material of appellant, the halogenated hydrocarbonaceous substances described in his claims, contains chemical elements which are known to be contained in the alkyl halides of the patents to Polak et al., Piggott et al. and Piggott. Alkyl halides are a class of halogenated hydrocarbons. Possessed of such knowledge we cannot see how it would involve exercise of the inventive faculty to try the use of the substances disclosed by appellant, in an admittedly old process and secure an admittedly substantially similar sulphonium compound as was produced in the prior art.

We are unable to see on the record here that appellant is entitled to a patent. The only resulting advantage the change in starting material produces is that the cost of appellant's product is much cheaper than that produced by the process of the prior art. He does not arrive at any un-

expected beneficial result and there is nothing before us to indicate that any problem existed in the production of sulphonium compounds or that a problem had been discovered and solved by appellant.

In our opinion, on the record presented, there was no error in the reasoning and holdings below and the decision of the Board of Appeals is accordingly affirmed.

Affirmed.